UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-22630-CIV-ALTONAGA/Simonton

**EDILBERTO I. CAVERO**,

    Plaintiff,
vs.

**FRANKLIN COLLECTION
SERVICE INC.**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Franklin Collection Service, Inc.'s ("Franklin['s]") Renewed and Amended Motion for Summary Judgment on All Counts of the Complaint ("Motion") [ECF No. 36], filed January 12, 2012. Franklin filed an accompanying Statement of Material Facts ("SMF") [ECF No. 37] with the Motion. Plaintiff, Edilberto I. Cavero ("Cavero"), opposed the Motion ("Response") [ECF No. 42] on January 30, 2012, with a statement of facts in opposition ("SMFO"). The Court has carefully considered the parties' written submissions, the record, and the applicable law.

**I.  BACKGROUND**[1]

Cavero, proceeding *pro se*, filed his original complaint [ECF No. 1] on July 25, 2011, and an Amended Complaint ("Complaint") [ECF No. 27] on November 15, 2011, alleging three counts: (1) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(a) *et seq.*; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (3) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §

---

[1]  Unless otherwise noted, the facts are undisputed.

Case No. 11-22630-CIV-ALTONAGA/Simonton

559.55 *et seq*. (*See* Compl.). He alleges Franklin "violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt." (*Id.* ¶ 2). Between April 30, 2011, and July 5, 2011, Franklin allegedly called Cavero's cell phone 19 times using an automatic dialing system and left recorded messages. (*See id.* ¶¶ 8–10).

Franklin collects consumer debts for third parties, including AT&T. (*See* SMF ¶ 1). In 2001, AT&T established an account for Cavero, providing him with landline telephone and internet service and equipment between July 11, 2001 and January 4, 2004. (*See id.* ¶ 2). AT&T's records show Cavero provided AT&T with the number xxx-xxx-7615 as his "Can Be Reached" ("CBR") number, or the number at which he could be reached by AT&T with respect to his account. (*See id.* ¶ 6). Franklin asserts that when Cavero's service was terminated in 2010, Cavero owed AT&T $215.01 for service and equipment, reflected in AT&T's last bill to Cavero dated March 7, 2010; Cavero disputes this fact, stating that Franklin "never verified alleged debt." (*See id.* ¶ 7; SMFO ¶ 7). According to Franklin, on December 4, 2010, AT&T placed the debt with Franklin for collection; Cavero disputes this fact as being based on "Uncertified Records from AT&T." (*See* SMF ¶ 8; SMFO ¶ 8). Franklin eventually called Cavero at his CBR number. (*See* SMF ¶ 13). Cavero told Franklin he disputed owing a debt to AT&T, and Franklin was unable to collect any debt from him. (*See id.* ¶ 14). Franklin closed its file on Cavero on July 6, 2011, without having collected the debt. (*See id.*). The cell number which is the subject of Cavero's claims is CBR number xxx-xxx-7615. (*See id.* ¶ 20).

On November 28, 2011, Franklin served Cavero with an Offer of Judgment on his claims as set forth in Counts II and III. (*See id.* ¶ 21). The Offer of Judgment offers Cavero $2,000.00 in settlement of his claims in Counts II and III, as well as "costs and such other relief as the

2

Case No. 11-22630-CIV-ALTONAGA/Simonton

Court may determine he is entitled to on his claims for violations of the FDCPA and FCCPA." (*Id.* ¶ 22).

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making its assessment of summary judgment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America*, 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of

3

Case No. 11-22630-CIV-ALTONAGA/Simonton

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. ANALYSIS

Franklin contends it is entitled to summary judgment in its favor on all three claims in the Complaint. The Court addresses the merits of Franklin's arguments below.

#### A. Count I — Violations of the TCPA

To demonstrate a violation of the TCPA, Cavero must show Franklin called his cell phone, without his "prior express consent," using an "automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 2279(b)(1)(A). Cavero alleges Franklin called his cell phone 19 times "with no prior permission given by Plaintiff" and left recorded messages on the cell phone without express permission, in violation of the TCPA. (*See* Compl. ¶¶ 8–15).

Franklin contends the undisputed facts show it met all the statutory requirements of the TCPA in calling Cavero. Franklin does not dispute it called Cavero's cell phone using an automated system — rather, at issue is whether Cavero provided his express prior consent. Franklin asserts it is entitled to summary judgment on Count I because Cavero expressly consented to being contacted at the CBR cell number regarding the debt at issue. (*See* Mot. 7).

4

Case No. 11-22630-CIV-ALTONAGA/Simonton

Franklin notes the TCPA gives the Federal Communications Commission ("FCC") rule-making authority to prescribe regulations and implement the TCPA's provisions on automated phone calls. (*See id.* 8 (citing 47 U.S.C. § 2279(b)(2))). On January 4, 2008, the FCC adopted Declaratory Ruling 07-232, stating:

> [A]utodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

(*Id.* (quoting Mot. Ex. A, *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (F.C.C. 2008) ("Decl. Ruling 07-232") [ECF No. 36-1])). Therefore, if Cavero provided a creditor such as AT&T with his cell phone number, he provided express consent to be called by Franklin in connection with a debt owed to AT&T.

The Court agrees with Franklin that the undisputed facts militate toward summary judgment in Franklin's favor. The Court finds no genuine issue of fact as to whether AT&T is Cavero's creditor. Although Cavero disputes that he owes AT&T a debt as reflected in his bill of March 8, 2010, he bases his dispute on the mere contention that Franklin "never verified" the debt when asked. (SMFO ¶ 7). Cavero does make a general statement that "Uncertified Records do not prove anything" (*id.* ¶ 5), but offers no reason to question the validity of the exhibits Franklin attaches to the SMF. These exhibits include the March 8, 2010 bill (*see* [ECF No. 37-2]), and the Court can see no reason it would not be admissible as a business record — it is unclear what Cavero means by an "uncertified record."

Cavero disputes that he provided AT&T with his cell phone number because the

5

Case No. 11-22630-CIV-ALTONAGA/Simonton

affidavits Franklin attaches in support do not meet procedural requirements. (*See* Resp. 4). According to Cavero, the affidavits are not made with personal knowledge and rely on business records not sworn, certified, or attached to the affidavits. (*See id.* 4–7). Both affiants, however, clearly state they speak to matters within their personal knowledge and from business records, which are in fact attached. (*See* [ECF Nos. 37-1–3]). Moreover, in the SMFO Cavero explicitly states that he does not dispute that he provided AT&T with his cell phone number, xxx-xxx-7615, as the number at which he could be reached with respect to his AT&T account. (*See* SMF ¶ 6; SMFO ¶ 6). The Court finds no genuine dispute over whether Cavero provided AT&T with his cell phone number — the record establishes he did.

Since, as stated, there is no issue of fact as to whether AT&T was Cavero's creditor, and whether Cavero gave AT&T his cell phone number, Cavero provided the consent necessary under the TCPA to be called by Franklin with respect to his debt to AT&T. Cavero cannot prevail on Count I as a matter of law, and the Court therefore grants summary judgment in favor of Franklin on this claim.

### B. Counts II and III — Violations of the FDCPA and FCCPA

Franklin next contends it is entitled to summary judgment on Counts II and III because they are moot. In Count II, Cavero alleges Franklin violated the FDCPA by, *inter alia*, "making the phone to [sic] ring many times to harass, oppress and abuse consumer[,] . . . causing the phone to ring or engaging in telephone conversations repeatedly[, and] . . . placing telephone calls without disclosing his/her identity." (Compl. ¶¶ 17–19). For these acts, Cavero "demands judgment in the amount of $1000." (*Id.* ¶¶ 17–22). In Count III, Cavero alleges Franklin violated the FCCPA "by willfully communicating with Plaintiff with such frequency as could

Case No. 11-22630-CIV-ALTONAGA/Simonton

reasonably be expected to harass Plaintiff[, and] . . . claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate." (*Id.* ¶¶ 26–27). Cavero states he "demands $1000" as a result. (*Id.*). Cavero is only entitled to a maximum recovery under the FDCPA and FCCPA of $1000 each; thus, he seeks the statutory maximum. *See* 15 U.S.C. § 1692k(a); Fla. Stat. § 559.77(2).

Franklin states these claims are moot because once Cavero received an offer satisfying all the relief sought, no case or controversy remained between the parties, depriving the Court of subject matter jurisdiction over those claims. (*See* Mot. 11–12 (citing *Sampaio v. Client Servs., Inc.*, 306 F. App'x 496 (11th Cir. 2009))). This is true regardless of what Cavero did with the offer. (*See id.* 13 (citing *Sampaio*, 306 F. App'x at 496)). It is undisputed that Franklin presented Cavero an Offer of Judgment of $2,000 to settle his claims in Counts II and III, which is what Cavero seeks and is the highest amount to which he is entitled by statute. (*See* SMF ¶¶ 21–22; SMFO ¶ 21[2]).

The Court agrees with Franklin. The facts are undisputed that Franklin offered Cavero the amount Cavero sought for Counts II and III, or the maximum amount recoverable. Cavero asserts in his Response that Counts II and III fall under an exception to the mootness doctrine, as his claims are "capable of repetition, yet evading review." (Resp. 7). Cavero, however, provides no argument or case law demonstrating why his claims meet that description, nor can the Court conceive of any. Cavero's claims are moot, and the Court therefore has no choice but to dismiss

---

[2] Cavero explicitly states the facts in SMF paragraph 21 are undisputed, but neglects to make any statement with respect to paragraph 22. (*See* SMFO). Paragraph 22 describes the Offer of Judgment, notes it is attached as an exhibit to the SMF, and states Franklin was served with it. The Offer of Judgment clearly states Franklin offered Cavero $2,000 in settlement of his claims under the FDCPA and FCCPA. (*See* SMF Ex. 5, Offer of Judgment [ECF No. 37-5]).

Case No. 11-22630-CIV-ALTONAGA/Simonton

them for lack of subject matter jurisdiction. The Court grants summary judgment in favor of Franklin on Counts II and III.

### IV.    CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 36]** is **GRANTED**. Judgment will be entered in favor of Defendant, Franklin Collection Service, Inc., by separate order. The Clerk is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2012.

_____<br>
**CECILIA M. ALTONAGA**<br>
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Edilberto I. Cavero, *pro se*
       1421 S.W. 107 Avenue
       Apt. 259
       Miami, FL 33174